IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARIAH MATHAI, : | |
|           Plaintiff, : | |
| : | |
| v. : | Civ. No. 11-03056 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
|           Defendant. : | |
| : | |

**O R D E R**

Plaintiff Zachariah Mathai alleges that Defendants Commonwealth of Pennsylvania, State Trooper Justin Oliverio, City of Philadelphia, and Philadelphia Police Officers Randy Vogt, Susan Doughten, Richard Roe (unidentified), and John Doe (unidentified) arrested and imprisoned him unlawfully. *(Doc. No. 1.)* Philadelphia and the Police Officers have moved to dismiss. *(Doc. No. 2.)* For the reasons that follow, I will grant Defendants' Motion.

**I.     BACKGROUND**

The following facts are set forth in the Complaint and must be taken as true. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009).

Pennsylvania's sex offender registry law requires Plaintiff to verify his address with State Police every three months. Complaint ¶ 14; 42 Pa. Cons. Stat. § 9796 (2011). On July 5, 2009, Plaintiff reported to the State Police barracks in Trevose, PA, and completed the Sexual Offender Address Work Sheet with the assistance of Defendant State Trooper Oliverio. Complaint ¶ 16. Trooper Oliverio signed and dated the completed Address Work Sheet, but failed to enter that registration document into the Pennsylvania State Police Megan's Law registry. Id. at ¶ 20.

State Police are required to notify local authorities when a sex offender fails to register, and local authorizes then must arrest the offender. 42 Pa. Cons. Stat. § 9796 (2011). State Police

1

thus informed Philadelphia Police that Plaintiff had failed to register, and Officer Susan Doughten applied for an arrest warrant. Id. at ¶¶ 21-23. A Philadelphia magistrate issued the warrant for the felonies of failing to register with State Police and failing to verify address. Id. at ¶ 24.

On August 24, 2009, Defendant Officers Vogt and Doe went to Plaintiff's home to execute the warrant. Id. at ¶ 26. Plaintiff told the officers he had registered, and presented them with a copy of the Address Work Sheet he completed with Trooper Oliverio. Id. at ¶ 27. Unsure whether to arrest Plaintiff, Defendant Vogt called his supervisor, Richard Roe. Id. at ¶ 28. Following this conversation, Officers Vogt and Doe arrested Plaintiff, and instructed him to show the Address Work Sheet to Roe. Id. at ¶ 29-30. Plaintiff met with Roe at the Philadelphia Special Victims Unit, who told him to present the magistrate with the Address Work Sheet. Id. at ¶ 31.

Plaintiff remained in custody overnight, and the next day appeared before the magistrate for a preliminary arraignment. Id. at ¶¶ 32-33. The magistrate told Plaintiff that while he found the Address Work Sheet credible, he lacked jurisdiction to release him. Id. at ¶ 34. Plaintiff was subsequently incarcerated for nine days, until the charges were dropped. Id. at ¶¶ 35-36.

Plaintiff brings claims against the Defendant Officers under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights, and under Pennsylvania law for false arrest and false imprisonment. Plaintiff has agreed to withdraw his § 1983 claims against the City and Officer Doughten.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss under 12(b)(6), I accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). I will not grant a motion to dismiss unless, accepting all

well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, I find the plaintiff's claims lack facial plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). A plaintiff must plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations and citation omitted).

### III. QUALIFIED IMMUNITY

Defendant Officers argue they are entitled to qualified immunity, because they relied upon a facially valid arrest warrant. I agree.

#### A. Legal Standard

As an initial matter, "qualified immunity is not merely a defense to liability but an immunity from suit and thus is a proper basis for a motion to dismiss under Rule 12(b)(6)." Seeds of Peace Collective v. City of Pittsburgh, No. 10-2765, 2011 WL 5926155 (3d Cir. Nov. 29, 2011) (citing Thomas v. Independence Twp., 463 F.3d 285, 291 (3d Cir. 2006)).

Qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Cal., 29 S. Ct. 808, 815 (2009) (internal quotations omitted). To determine whether a defendant is entitled to qualified immunity, I assess whether: (1) the facts alleged by the plaintiff show the violation of a constitutional right; and (2) whether the right was clearly established in a way that a reasonable officer would understand that what he is doing violates that right. Ray v. Twp. of Warren, 626 F. 3d 170, 174 (3d Cir. 2010) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). Thus, even if Plaintiff alleges a constitutional violation, Defendants are still entitled to immunity unless they "knew, or were unreasonable in not knowing, that their behavior violated the Constitution."

Harris v. D.C., 932 F.2d 10, 13 (D.C. Cir. 1991)

      B.  Discussion

I conclude that Plaintiff has not made out a claim that his rights were violated or the officers acted unreasonably.

      a.  Unlawful Seizure

The Fourth Amendment prohibits arrests without probable cause. Similarly, "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir.1995).

"The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Id. at 634. "Probable cause exists if there is a fair probability that the person committed the crime at issue." Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000) (internal quotations omitted).

An arrest made pursuant to a valid warrant is constitutional, unless the officers had reason to doubt evidence supporting the affidavit. See Schneyder v. Smith, 653 F.3d 313, 322 (3d Cir. 2011) ( "[A]rrest and detention of a suspect is reasonable if it is supported by probable cause, as determined by the judge who either issues an arrest warrant or conducts a preliminary hearing."); United States v. Van Metre, 150 F.3d 339, 347 (4th Cir. 1998) ("[U]nless Van Metre can demonstrate that these warrants are constitutionally deficient, he has no basis for asserting that his arrest was made in violation of the Constitution.").

The warrant obtained by Officer Doughten was supported by probable cause. As alleged, Officer Doughten received information from State Police that Plaintiff had violated Pennsylvania's sex offender registry laws. That evidence made out a "fair probability" that

4

Plaintiff had committed a felony.  Wilson, 212 F.3d at 789.  Officer Doughten thus properly relied on this evidence when applying for the warrant.  Rogers v. Powell, 120 F.3d 446, 453 (3d Cir. 1997) ("The legality of a seizure based solely on statements issued by fellow officers depends on whether the officers who *issued* the statements possessed the requisite basis to seize the suspect.") (emphasis in original).  Moreover, Plaintiff does not allege that Officer Doughten knowingly or deliberately made false statements when applying for the warrant, and concedes the issue in his Reply. *(Doc. No. 9 at 5.)*  See Wilson, 212 F.3d at 786-87.

As Pennsylvania law requires, State Police observed that Plaintiff's registration had not been entered, and communicated that information to Philadelphia.  When the Officers executed the warrant, Plaintiff did not deny he was named in the affidavit and was required to register.  Rather, he argues now that the officers' failure to investigate his innocence, and the subsequent dismissal of the charges, support his Fourth Amendment claim.  I disagree.

Unlike in situations of mistaken identity, quashed warrants, or conclusory affidavits, Defendant's subsequent exoneration does not make out a claim for unlawful seizure.  See Baker v. McCollan, 443 U.S. 137, 145-46 (1979) ("The Constitution does not guarantee that only the guilty will be arrested.  If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released."); Russo v. City of Bridgeport, 479 F.3d 196, 203-04 (2d Cir. 2007) ("[O]ur court has uniformly rejected Fourth Amendment false arrest claims premised on lawful arrests supported by probable cause.").  Moreover, the Officers were not required to disregard a valid warrant supported by State Police evidence due to Plaintiff's unverified claims of innocence.  Baker, 443 U.S. at 145-46.

The arresting officers had probable cause to believe Plaintiff had violated Pennsylvania's sex offender registration laws.  Accordingly, Plaintiff fails to make out a claim that he was seized unlawfully.  Wilson, 212 F.3d at 786.

b. Reasonableness

Even if the warrant were not supported by probable cause, the Defendant Officers did not violate rights so clearly established "that a reasonable officer would understand that what he is doing violates that right." Ray, 626 F.3d at 174.

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d. Cir. 2010) (quoting Saucier, 533 U.S. at 202). If an "officer made a reasonable mistake about the legal constraints on his actions, then qualified immunity should protect him from suit." Ray, 626 F.3d at 174. In considering that question, I "judge the officer's actions from the perspective of an objectively reasonable law enforcement officer under the circumstances, and [I] endeavor to avoid hindsight." Id. Accordingly, to overcome Defendants' qualified immunity defense, Plaintiff must plead facts that show a reasonable officer, in these circumstances, would not believe there was probable cause to arrest. Noone v. City of Ocean City, 60 F. App'x 904, 907 (3d Cir. 2003).

The Third Circuit has "generally extended immunity to an officer who makes an arrest based on an objectively reasonable belief that there was a valid warrant . . . [unless] his reliance on it is unreasonable in light of the relevant circumstances." Berg v. County of Allegheny, 219 F.3d 261, 273 (3d Cir. 2000). Those "circumstances include, but are not limited to, information that the officer possesses or to which he has reasonable access, and whether failing to make an immediate arrest creates a public threat or danger of flight." Id.; see also Noone, 60 F. App'x at 908 ("[A]n arresting officer is not required to make an independent investigation for every suspect who claims innocence, provided the officer's reliance on an arrest warrant is reasonable in light of the relevant circumstances.").

*Officers Vogt and Doe*

6

It was objectively reasonable for Officers Vogt and Doe to believe that probable cause existed to arrest Plaintiff. These Officers were executing an arrest warrant supported by information from State Police. When Plaintiff presented the Officers with a copy of his Address Work Sheet—which might have been a forgery—Officer Vogt sought guidance from his supervisor, who instructed the Officer to bring Plaintiff to the police station with the form.

Plaintiff cites no authority to support his argument that officers act unreasonably when they execute an arrest warrant despite a suspect's unverified innocence claims. Berg v. County of Allegheny is readily distinguishable. Due to clerical error, the county clerk issued a warrant to arrest Raymond Berg for violating his parole for DUI. Id. at 266. The constable arrested Berg despite the warrant's incorrect address, Berg's release papers, and his valid driver's license—which he would have surrendered had he been on parole. Id. at 267-68. Moreover, the Third Circuit found the constable predisposed to arrest, because he collected a fee for each warrant executed. Id. at 273.

Officers Vogt and Doe acted with none of the unreasonableness exhibited in Berg. Plaintiff's Address Work Sheet was the only evidence casting doubt on the warrant, and Officers Vogt and Doe could not confirm its authenticity. Officer Vogt conferred with his supervisor, and followed Roe's orders. Accordingly, even if the warrant were not valid, Vogt and Doe acted reasonably in the circumstances, and are entitled to qualified immunity.

*Officer Roe*

I conclude that Officer Roe also acted reasonably. The Supreme Court has stated that "we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent." Baker v. McColan, 443 U.S. 137, 145-46 (1979).

Officer Roe had no reason to doubt the warrant's veracity—issued only days before on information provided by State Police. Moreover, Plaintiff has not alleged that Officer Roe possessed information, or had reasonable access to information, that would have undermined probable cause: State Police held all information germane to Plaintiff's status. See Berg, 219 F.3d at 273. Officer Roe knew only that Plaintiff was a convicted sex offender accused of failing to register with State Police.

By detaining Plaintiff despite his objections, Defendant Roe was neither plainly incompetent nor in knowing violation of the law. Berg, 219 F.3d at 272. I conclude that a reasonable officer would have believed that Officer Roe's conduct was lawful in light of the information he possessed at the time. Accordingly, he is entitled to qualified immunity on the false arrest claim.

Although continued imprisonment despite meritorious innocence claims may make out a due process violation, Plaintiff alleges only unlawful seizure. Complaint ¶¶ 37(a), 40; Baker. 443 U.S. at 144 (unreasonable delay in investigation of a person's innocence after arrest does not make out a Fourth Amendment claim, but may give rise to a claim for a denial of due process under the Fourteenth Amendment).

Assuming arguendo, that Plaintiff brings a due process claim against Officer Roe for failing to release him, as I have discussed, the interview with Officer Roe did not obviate the earlier probable cause determination. Moreover, Officer Roe instructed Plaintiff to show the Work Sheet to the magistrate, who, despite finding the Work Sheet credible, lacked jurisdiction to release him. Plaintiff does not allege that Officer Roe had separate authority to release him.

Officer Roe is therefore entitled to qualified immunity on any due process claim alleging false imprisonment.

**IV.   STATE LAW CLAIMS**

The Philadelphia Defendants seek dismissal of Plaintiff's state law claims for false arrest and false imprisonment. Plaintiff's Response is not entirely clear. Plaintiff agreed to withdraw his false imprisonment claim in light of Defendants' Motion, but did not discuss at all his false arrest claim even though the two are treated identically. *(Doc. No. 9 at 5.)* I nonetheless address the merits of the false arrest claim.

### A. Claim against Philadelphia

The City argues that Pennsylvania's Political Subdivision Tort Claims Act bars claims against the City. I agree. Under the PSTCA, the City is immune from tort liability except in eight enumerated situations, none of which apply here. 42 Pa. Cons. Stat. §§ 8541-42 (2011) (immunity does not extend to: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic control and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; (8) care, custody or control of animals). Accordingly, I will dismiss the state claims against the City.

### B. Claim against City Officers

Subject to a limited exception, PSTCA provides immunity to Philadelphia employees for claims arising out of an "injury to a person or property caused by acts of the employee which are within the scope of his office or duties." 42 Pa. Cons. Stat. § 8545. The Act does not immunize employees for conduct that "constituted a crime, actual fraud, actual malice, or willful misconduct." See 42 Pa. Cons. Stat. § 8550; Kuzel v. Krause, 658 A.2d 856 (Pa. Commw. Ct. 1995). Willful misconduct is "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." King v. Breach, 540 A.2d 976 (Pa. Commw. Ct. 1988) (citing Evans v. Phila. Transp. Co., 212 A.2d 440 (Pa. 1965)); see also In re City of Phila. Litig., 938 F. Supp. 1278, 1289 (E.D. Pa.1996).

9

Plaintiff does not anywhere allege that the Officers intended to arrest him unlawfully or were substantially certain that unlawful arrest would follow. As I have discussed, Officers Vogt, Doe, and Roe acted pursuant to a facially valid arrest warrant. Plaintiff does not suggest these Officers acted recklessly or in bad faith. Accordingly, I will dismiss Plaintiff's false arrest claims against the City Officers.

## CONCLUSION

AND NOW, this 28th day of February, 2012, it is hereby **ORDERED** that Defendants' Motion to Dismiss *(Doc. No. 2)* is **GRANTED.** Defendant's Complaint is dismissed **WITHOUT PREJUDICE**. It is unclear whether Plaintiff has made service on the State Defendants. I am therefore dismissing the entire matter without prejudice, so Plaintiff can reinstate this matter and make service accordingly.

The Clerk of Court shall close this matter for statistical purposes.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
Paul S. Diamond, J.